UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

-------------------------------------------------------------------X

ROSE MARIE ROGNON,

                Plaintiff,

    -against-

NELSON "BUZZ" SOSNOSKI; and BRENDA SOSNOSKI,

                Defendants.

-------------------------------------------------------------------X

Civil Action No. 7:17CV302_____

**COMPLAINT**

Jury trial demanded

Plaintiff, complaining of the defendants, by her attorneys, alleges for her complaint, upon information and belief, as follows:

### THE PARTIES

1. At all times relevant to this complaint, the plaintiff, ROSE MARIE ROGNON ("ROGNON"), is a natural person, resident of the State of Florida.

2. Upon information and belief, at all times relevant to this complaint, the defendant NELSON "BUZZ" SOSNOSKI ("NELSON") is a natural person who is a citizen and resident Penhook, Virginia.

3. Upon information and belief, at all times relevant to this complaint, the defendant BRENDA SOSNOSKI ("BRENDA") is a natural person who is a citizen and resident Penhook, Virginia.

## JURISDICTION

4. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy exceeds $75,000.

5. Venue is proper in this district and division as the defendants reside in Penhook, Virginia, which is within the Roanoke Division of the Western District of Virginia.

## THE UNDERLYING FACTS

6. For purposes of this complaint, the term "ACCIDENT TIME" shall mean August 23, 2015 at approximately 9:00 a.m.

7. On or about the ACCIDENT TIME the plaintiff ROGNON and the defendants NELSON and BRENDA were present at the airport in Lyon, France, having just completed a Southern France river cruise.

8. At the ACCIDENT TIME, the defendant BRENDA twice told the defendant NELSON to "stop it," after which the defendant NELSON somehow knocked over his wife BRENDA, grabbed plaintiff ROGNON's shoulders from behind, and caused plaintiff ROGNON to fall to the ground with the defendant NELSON on top of her, causing the plaintiff ROGNON to become seriously and permanently injured.

9. As a result of the incident described above, the plaintiff was caused to suffer severe and permanent personal injuries including: severe highly comminuted intraarticular left distal radius fracture with multiple fragments, highly unstable; shattered left wrist with multiple fractures; required surgery with hardware, open reduction internal fixation left distal radius three part fracture intraarticular repair; required a second surgery to remove the hardware; dislocation of left wrist; fractured left radius; imperfect outcome due to severity of the injury; plaintiff was

rendered sick, sore, lame and disabled; future pain and disability is anticipated; flashbacks; post-traumatic anxiety; radiating pain; plaintiff was required to receive medical care and attention and upon information and belief will require additional medical care and attention in the future; plaintiff was required to undergo diagnostic testing including x-ray and/or MRI and/or CT scan; plaintiff was required to undergo physical therapy and/or will require additional therapy in the future; plaintiff has been required to take medication and upon information and belief may be required to take such medication in the future; plaintiff's ability to pursue usual duties and vocation has been impaired; plaintiff has become substantially disabled; plaintiff has suffered severe mental anguish and distress; osteoarthritic changes are anticipated; extreme pain and suffering; and plaintiff has been otherwise damaged; upon information and belief, the cost to the plaintiff of life insurance and/or disability insurance has been substantially increased; all of these injuries are permanent in nature and continuing into the future.

## AS AND FOR A FIRST CLAIM FOR RELIEF

10. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

11. At all times mentioned herein, plaintiff was caused to suffer severe and permanent personal injures due to the recklessness, carelessness, and negligence, of the defendants, such injuries being set forth in detail above.

12. At all times relevant to this complaint, the defendants and each of them had a duty to act in a careful and lawful manner, to remain under control, to keep a proper lookout, so as to avoid pushing other people, knocking them down, and falling on top of them.

13. The defendants' failure to carry out the duties aforesaid amounted to negligence on their part, which negligence was the proximate cause of the incident described herein.

Case 7:17-cv-00302-GEC   Document 1   Filed 06/27/17   Page 3 of 5   Pageid#: 3

14. Among other things, the defendant NELSON was reckless, careless and negligent in, upon information and belief: falling onto the plaintiff; seeking to stop himself from falling by grabbing onto the plaintiff; engaging in some sort of conduct with his wife leading to her telling him to "stop it" immediately before he fell; engaging in horseplay; failing to act with due regard for the safety of all persons, including the plaintiff; disregarding the safety of others; acting too aggressively; failing to maintain control; failing to use due caution; failing to see what should be seen; failing to comport himself to the prevailing conditions; failing to maintain a proper lookout; violating applicable laws, rules and regulations, including the laws of Lyon, France; and the defendant NELSON was otherwise reckless, careless and negligent.

15. Among other things, the defendant BRENDA was reckless, careless and negligent in, upon information and belief: engaging in some sort of conduct with NELSON leading to her telling him to "stop it" immediately before he fell; engaging in horseplay; failing to act with due regard for the safety of all persons, including the plaintiff; disregarding the safety of others; acting too aggressively; failing to maintain control; failing to use due caution; failing to see what should be seen; failing to comport herself to the prevailing conditions; failing to maintain a proper lookout; violating applicable laws, rules and regulations including the laws of Lyon, France; and the defendant BRENDA was otherwise reckless, careless and negligent.

16. Plaintiff was entirely blameless and free from fault.

17. As a result of the defendants' recklessness, carelessness and negligence, the plaintiff was caused to suffer severe and permanent personal injuries, such injuries being set forth above in greater detail.

18. By reason of the foregoing, the plaintiff is entitled to recover the full extent of her damages, in an amount to be determined by the jury at trial.

## JURY TRIAL DEMANDED

19. Plaintiff demands a trial by jury of all issues triable to a jury.

**WHEREFORE**, the plaintiff demands judgment against the defendants in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

ROSE MARIE ROGNON

By: _____
Of Counsel

Dennis P. Brumberg (VSB # 1031)
BRUMBERG, MACKEY & WALL, P.L.C.
P.O. Box 2470
Roanoke, VA 24010
Tel: (540) 343-2956
Fax: (540) 343-2987
dbrumberg@bmwlaw.com

Robert J. Tolchin, Esq.
THE BERKMAN LAW OFFICE, LLC
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
Tel (718) 855-3627
rtolchin@berkmanlaw.com
Counsel for Plaintiff

-5-

Case 7:17-cv-00302-GEC   Document 1   Filed 06/27/17   Page 5 of 5   Pageid#: 5